LEE POTTS, APPELLEE, v. ROBERT MAHOOD, APPELLANT,
IMPLEADED WITH ELIZABETH JOHNSON, APPELLEE.
187 N. W. 2d 655

Filed June 11, 1971. No. 37844.

McFadden & Kirby, for appellant.

Elmer C. Rakow, for appellee Potts.

Thomas E. Brogan, for appellee Johnson.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

This is an action for damages to crops caused by defendant's livestock. The jury returned verdicts for the plaintiff and against the defendant on three causes of action which arose in 1964 and 1966. The verdicts

were for $78.50, $76.80, and $51.20. The jury also returned a verdict in favor of a third party complainant in the sum of $120. The district court entered judgments against the defendant in those respective amounts and later fixed the attorney fees of the successful parties at one-half of the amounts of the respective judgments. The allowance and amount of attorney fees is the only issue on appeal.

Section 25-1801, R. R. S. 1943, provided for the allowance of attorney fees in certain cases. The relevant portion of that section prior to 1967 provided: "Attorney fees, as provided by this section, shall be assessed by the court in a reasonable amount but shall in no event be less than ten dollars, when the judgment is fifty dollars or less, and when the judgment is over fifty dollars up to *one* thousand dollars the *minimum* attorney fee shall be ten dollars plus ten per cent of the judgment in excess of fifty dollars." (Emphasis ours.)

In 1967, the maximum amount of a claim subject to the statute was changed from $1,000 to $2,000 and that change was also reflected in the portion of the statute dealing with attorney fees. In addition, an individual floor amendment deleted the single word "minimum" from the portion of the statute dealing with attorney fees when the judgment is over $50.

The floor debate on L.B. 676 of the 1967 Legislature sheds little light on the understanding or intention of the Legislature when it deleted the word "minimum." There is no explanation as to why the Legislature wished to have attorney fees determined differently simply because the judgment was more or less than $50. Nevertheless, the only reasonable interpretation of the statute as amended is that when the judgment is over $50, the attorney fees are fixed at the sum of $10 plus 10 percent of the judgment in excess of $50. Although the fees allowed here were clearly reasonable, the judgments involved were over $50 in each instance.

The order of the district court dated January 24, 1969,

for determination and allowance of attorney fees should have allowed fees against the defendant on plaintiff's first cause of action at $12.85; second cause of action, $12.68; and fifth cause of action, $10.12. The attorney fee on the third party defendant's first cause of action should have been $17.

The order allowing attorney fees is affirmed as modified as to each of the respective judgments.

AFFIRMED AS MODIFIED.