GAYLORD BAUER, APPELLANT, V. THE BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, A BODY POLITIC AND CORPORATE, APPELLEE.

219 N. W. 2d 236

Filed June 13, 1974. No. 39100.

Francis P. Matthews of Matthews, Kelley, Cannon & Carpenter, for appellant.

Kevin Colleran of Cline, Williams, Wright, Johnson & Oldfather, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MC-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

PER CURIAM.

Plaintiff sued to recover the difference between resident tuition fees and nonresident tuition fees charged and paid by him as an adult university student. A governing statutory provision, he alleged, violated the due process clause of the Fourteenth Amendment to the Constitution of the United States. The District Court concluded that the provision was constitutional, denying recovery. Plaintiff appeals.

The statutory provision in question read as follows: "No person shall be deemed to have established a residence in this state during the time of attendance at such state institution as a student, nor while in attendance at any institution of learning in this state, except in the case of a minor who qualifies as provided in this

section." Former § 85-502, R. R. S. 1943 (Laws 1951, c. 348, § 1, p. 1137).

We decided that the quoted provision was constitutional, one judge dissenting. See Thompson v. Board of Regents of University of Nebraska, 187 Neb. 252, 188 N. W. 2d 840 (1971). The Supreme Court of the United States subsequently indicated that a State may impose on a student a reasonable durational residency requirement that can be met in student status. See Vlandis v. Kline, 412 U. S. 441 at 452, 93 S. Ct. 2230 at 2236, 37 L. Ed. 2d 63 at 72 (1973). It subsequently affirmed a judgment in a similar case. See Sturgis v. State of Washington (D. C. Wash. Unrep., 1973), 42 Law Week 3170 (summary), affirmed 414 U. S. 1057, 94 S. Ct. 563, 38 L. Ed. 2d 464 (1973). In both federal cases the court upheld the constitutionality of the statutory provision. In the unreported opinion the court said: ". . . (T)he Supreme Court clearly distinguished between statutory schemes that impose irrebutable presumptions of non-residence and those . . . that use residency requirements as one element in determining bona fide residence."

The federal cases compel us to conclude that the quoted provision, which is separable from the remainder of the statute, violated the federal due process clause.

The judgment is reversed and the cause remanded with directions to enter judgment for the stipulated sum due with interest as provided by law. Plaintiff is allowed $75.30 for services of his counsel in this court. See § 25-1801, R. S. Supp., 1972; Potts v. Mahood, 187 Neb. 142, 187 N. W. 2d 655 (1971).

REVERSED AND REMANDED WITH DIRECTIONS.

WHITE, C. J., and SPENCER, J., dissent.